IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES MESHACH LOMAX, #280316  *
        Plaintiff,
   v.  *   CIVIL ACTION NO. DKC-09-2708

BOBBY SHEARIN, et al.  *
        Defendants.
                     ***

## MEMORANDUM OPINION

James Meshach Lomax ("Lomax") filed this 42 U.S.C. § 1983 civil rights complaint against the Warden at the North Branch Correctional Institution ("NBCI") and the "Reduction in Violence Committee" ("RIV"). He states that in March of 2009, he received a notice of infraction, was found guilty of violating Rules 101 and 312, and was sanctioned with a cumulative 515 days of disciplinary segregation, 20 days of cell restriction, and the loss of visits for 12 months. Lomax complains that after the aforementioned process was completed and disciplinary sanction imposed, further administrative action was taken by the RIV to impose an additional 60 days of cell restriction in violation of state and federal due process laws. He states that this action was approved by Warden Shearin. Lomax seeks compensatory and punitive damages and to enjoin the RIV from taking such action in the future.

On July 9, 2010, the Court denied Defendant Shearin's Motion to Dismiss or for Summary Judgment without prejudice, finding that directives regarding the RIV were not provided and that issues regarding Lomax's cell restriction had not been fully briefed under *Sandin v. Conner*, 515 U.S. 472 (1995). Shearin was directed to renew his dispositive motion with supplemental materials.[1] ECF No. 18.

---

[1] Shearin was also directed to respond to Lomax's opposition arguments regarding alleged violations of the Administrative Procedure Act "under state law" and Division of Correction Directives. ECF No. 18 at pgs. 2 & 3.

Shearin has filed a Supplemental Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, construed as a supplemental motion for summary judgment, and Lomax has filed a response thereto. ECF Nos. 21 & 23. The case may be determined on the record and without hearing. *See* Local Rule 105.6. (D. Md. 2010). For reasons to follow, Defendant's motion shall be granted.

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). In order to survive Defendant's properly supported motion for summary judgment, Lomax is required to produce some evidence to support each of his claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *See Celotex*, 477 U.S. at 322. While the facts and all reasonable inferences drawn therefrom must be viewed in a light most favorable to the party opposing the motion, *Ross v. Communications Satellite Corp*., 759 F.2d 355, 364 (4th Cir. 1985), "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). Only disputed issues of material fact will preclude the entry of summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Division of Correction ("DOC") has a zero tolerance policy with regard to threats of violence in its facilities. Pursuant to prison directive, all DOC prisons are directed to implement policies and procedures to reduce incidents of inmate violence. Defendant Shearin asserts that every DOC facility has an RIV for the "purpose of reviewing and identifying strategies to reduce levels of violence" in the institution and the RIV at NBCI consists of a variety of personnel, including, but not limited to, the assistant warden, the security chief, the case management manager, a psychologist, and an adjustment coordinator. NBCI directives provide that in addition to sanctions received through the adjustment process, further violence in reduction sanctions may include, but are not limited to, restrictions on visits, commissary, property items, spending accounts, telephone privileges and prohibitions to lesser security classifications. There is nothing in the directives which forbids an RIV committee from recommending or the warden from imposing cell restriction as a sanction.

The NBCI RIV meets once a month. Among its tasks and responsibilities is a review of instances of violence. According to Shearin's dispositive responses, each incident is presented to the RIV after review by the Incident Assessment Team ("IAT"). The IAT reviews all incidents of violence and cases where inmates are found guilty of specific rules, including Rule 101. In doing so, the IAT will recommend additional institutional violence reduction sanctions in accordance with established policy and procedures. All RIV recommendations are reviewed by the Warden.

In this case, Shearin asserts, through the Declarations of Brenda Marvin & Scott Oakley, that on March 14, 2009, Lomax was written up for "squeezing some sort of container full of

urine" on Correctional Officer Corey Dolly and charged with violating Rules 101 and 312. An initial hearing was postponed to allow Lomax to request representation and to have Dolly appear. The postponement was grnted even though Lomax had previously waived his right to both. At a new hearing on March 26, 2009, Lomax admitted throwing a liquid substance out his cell slot at an inmate worker during "feed up" and that Dolly was splashed from the inmate worker shaking the liquid off himself. Lomax was found guilty of both charges. He was sentenced to 365 days disciplinary segregation and 10 days of consecutive cell restriction for violating Rule 101 (assault or battery on staff) and 150 days of disciplinary segregation and 10 days of consecutive cell restriction for violating Rule 312 (interfering with or resisting the duties of staff). Lomax was also sanctioned with the loss of visits for twelve months. No good conduct credits were revoked.

The NBCI IAT reviewed Lomax's hearing record and recommended 60 additional days of consecutive cell restriction for the violation of Rule 101. The RIV reviewed the IAT recommendation at its April 8, 2009 meeting and concurred with the recommendation. On April 23, 2009, Warden Shearin approved the additional 60 days of cell restriction to be served consecutive to the hearing officer's sanctions for a Rule 101 violation. On April 24, 2009, Warden Shearin reduced Lomax's segregation days for violating Rule 101 from 365 to 200 days.

The following questions arise out of Lomax's Complaint: whether his assignment on cell restriction implicates a protected due process right and whether alleged "state law" violations of the Administrative Procedure Act and institutional directives implicates a federal constitutional right.

4

Generally, prisoners do not have a constitutional right to demand to be housed in one prison verses another. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Under the Supreme Court's pronouncement in *Sandin v. Conner*, 515 U.S. 472 (1995), the focus on mandatory language in prison regulations was rejected. A liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" without regard to mandatory language in prison regulations. *Id.* at 484. Thus, the due process inquiry must focus on the nature of the deprivation alleged and not on the language of particular prison regulations. *Id*. Following the reasoning of the Supreme Court in *Sandin*, the Fourth Circuit held that a liberty interest is not implicated when inmates are placed on administrative segregation, because when compared with these conditions they would expect to experience as an ordinary incident of prison life, such placement does not constitute an atypical and significant hardship. *See Beverati v. Smith*, 120 F.3d 500, 502-04 (4th Cir. 1997); *Reffitt v. Nixon*, 917 F. Supp. 409, 413 (E.D. Va. 1996). The analysis requires the court to conduct a fact specific examination to determine if the conditions imposed on Lomax on cell restriction give rise to a liberty interest.

In his Supplemental Motion for Summary Judgment, Defendant argues that cell restriction is not an "atypical and significant hardship." According to the Declaration of NBCI Captain Keith Arnold, cell restriction is imposed in ten-day increments. Inmates assigned to cell

restriction remain in general population and are permitted to go to the dining hall with other inmates for meals three times a day and to take showers on a regular schedule. Inmates placed on cell restriction are permitted to retain all of their property and to continue work and attend school programs outside their cell. The primary sanction for an inmate on cell restriction is that the inmate is not permitted to take recreation in the yard with other general population inmates.[2]

In *Beverati*, the Fourth Circuit, in affirming the decision of this court, held that Beverati's placement in segregation did not comparatively constitute the type of hardship necessary to give rise to a liberty interest in avoiding such placement. *See Beverati*, 120 F.3d at 503. The court here finds that there is nothing in the record or pleadings which shows that the nature of Lomax's assignment to cell restriction comprised the atypical hardship contemplated by *Sandin* or *Beverati*. Thus, his restriction does not implicate a liberty interest. Placement in a housing unit that provides for a higher degree of prisoner monitoring is not atypical. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

Lomax raised an eleventh-hour claim in his opposition complaining that the directive implementing the RIV policies and procedures (Division of Corrective Directive (DCD) 110-22) violates state law under the APA and that his additional cell restriction sanction violates DOC disciplinary directives because it exceeded the maximum number of days of cell restriction to be imposed.

Defendant Shearin observes, and it is not refuted, that while Lomax did file administrative grievances before the Inmate Grievance Office ("IGO") challenging the

---

[2] Lomax's cell restriction while housed on disciplinary segregation, a sentence not originally contemplated by the RIV but necessitated due to Plaintiff's incurring additional infractions, did add additional restrictions on his out-of-cell activity.

disciplinary convictions at issue, he did not raise the APA issue in his grievances before the IGO. Lomax has therefore failed to comply with exhaustion requirements. Moreover, a violation of a state procedural regulation does not implicate due process. The guarantees of federal due process apply only when a constitutionally-protected liberty or property interest is at stake. As already indicated, Lomax's cell restriction sanction recommended by the RIV under DCD-110-22 did not create a liberty interest. *See Sandin*, 515 U.S. at 483-84. Lomax cannot, as a matter of law, state a due process claim under 42 U.S.C. § 1983 based solely on the fact that he was allegedly subject to a rule that is invalid under state law. *See Lone Star Security & Video, Inc. v. City of Los Angeles*, 584 F.3d 1232, 1233, 1235-37 (9th Cir. 2009).

Further, to the extent that Lomax complains that the RIV's recommendation and Shearin's approval of the imposition of additional cell restriction violates prison DCDs, the undersigned finds that he has failed to state a claim. In order to obtain relief pursuant to 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by a defendant acting under color of state law. The alleged violation does not implicate a constitutional right. Thus, his claim is insufficient as a matter of law to support a claim for relief under § 1983. *See Riccio v. City of Fairfax, Va.*, 907 F.2d 1459 (4th Cir. 1990) (violation of a procedure not required by the Constitution does not state a due process claim); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D. S.C. 1992) (§ 1983 protects against constitutional violations not violations of prison rules).

Given the foregoing, Defendant Shearin is entitled to summary judgment in this case.[3] A separate Order shall be entered in accordance with this Memorandum Opinion.

Date:  May 9, 2011                                  /s/
                                              DEBORAH K. CHASANOW
                                              United States District Judge

---

[3] Defendant "The Reduction in Violence Committee" was not served with process. In light of the decision of the court, the claim against the entity shall be dismissed.